[Docket No. 34]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

CHAKA KWANZAA,

        Plaintiff,

   v.

GIRARD TELL,

        Defendant.

Civil No. 19-16052 (RMB/AMD)

OPINION

**APPEARANCES:**

CHAKA KWANZAA, *pro se*
207 South Franklin Blvd.
Pleasantville, New Jersey 08232
    Attorney for Plaintiff

REYNOLDS & HORN, P.C.
By: Thomas B. Reynolds,
116 S Raleigh Ave.
Atlantic City, NJ 08401
    Attorney for Defendant

**RENÉE MARIE BUMB**, United States District Judge:

This matter comes before the Court upon Defendant Girard Tell's Motion for Summary Judgment. [Docket No. 34]. The Court previously administratively terminated that Motion pending resolution of *pro se* Plaintiff Chaka Kwanzaa's Motion to Appoint Pro Bono Counsel. [Docket No. 31]. Thereafter, the Court denied

1

Plaintiff's motion. [See Docket No. 40]. Accordingly, and for the reasons stated herein, the Court will now reinstate and grant Defendant's Motion for Summary Judgment.

I. **FACTS**

This case originated with Plaintiff's filing of a Complaint and Application to proceed *in forma pauperis*. That original complaint included two other Plaintiffs, sixteen other Defendants, and several more claims than currently remain. [See Docket Nos. 1 and 5]. In reviewing the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed all but one claim, and later severed the two other Plaintiffs' claims into separate actions. See Scott v. Tell, et al., 20-1295; Kwanzaa v. Tell et al., 19-20373. This one claim, as discussed more thoroughly below, is the only unresolved issue in this matter.

This dispute arises from police stop. On January 4, 2019, Defendant, Officer Girard Tell of the Pleasantville Police Department, observed Plaintiff sitting in a stopped vehicle. Although the parties disagree as to why Defendant approached the vehicle, the parties agree that Defendant arrested Plaintiff and searched his vehicle. [See Docket Nos. 2, 34, and 35]. During the search of the car, Plaintiff alleges that Defendant found and stole Plaintiff's diamond ring. [Docket No. 2]. This ring was never placed in an evidence bag and, instead, Plaintiff contends, Defendant placed the ring in his pocket. [Id.].

2

Defendant now moves for summary judgment. He argues that Plaintiff has fabricated the story of the ring, and that summary judgment is appropriate because Plaintiff has no evidence that this ring ever existed, much less that defendant stole it. [Docket No. 34].

## II. LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might impact the "outcome of the suit under the governing law." Gonzalez v. Sec'y of Dept of Homeland Sec., 678 F.3d 254, 261 (3d Cir. 2012). A dispute is "genuine" if the evidence would allow a reasonable jury to find for the nonmoving party. Id.

In determining the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable inferences and doubts should be resolved in favor of the nonmoving party. Melrose, Inc. v. City of Pittsburgh, 613 F.3d 380, 387 (3d Cir. 2010). However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). Moreover, a court need not adopt the version of facts asserted by the nonmoving party if those facts are "utterly discredited by the record [so] that no reasonable jury" could

believe them. Scott v. Harris, 550 U.S. 372, 380 (2007). In the face of such evidence, summary judgment is still appropriate "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Walsh v. Krantz, 386 F. App'x 334, 338 (3d Cir. 2010).

The movant has the initial burden of showing through the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits "that the non-movant has failed to establish one or more essential elements of its case." Connection Training Servs. v. City of Phila., 358 F. App'x 315, 318 (3d Cir. 2009). "If the moving party meets its burden, the burden then shifts to the non-movant to establish that summary judgment is inappropriate." Id. In the face of a properly supported motion for summary judgment, the nonmovant's burden is rigorous: it "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995); accord. Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010) (citing Acumed LLC. v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009) ("[S]peculation and conjecture may not defeat summary judgment."). However, "the court need only determine if the nonmoving party can produce admissible evidence regarding a disputed issue of material fact at trial"; the evidence does not

4

need to be in admissible form at the time of summary judgment. FOP v. City of Camden, 842 F.3d 231, 238 (3d Cir. 2016).

III. **DISCUSSION**

Here, the Court finds that summary judgment is warranted. As noted above, a mere "scintilla of evidence" is insufficient to establish a genuine dispute of material fact. Saldana, 260 F.3d at 232. Yet, as discussed below, Plaintiff has no more than a scintilla of evidence concerning the allegedly stolen ring.

Defendant argues that he is entitled to summary judgment because Plaintiff has provided no evidence that Defendant stole his ring. Specifically, Defendant contends that "Plaintiff is unable to meet his obligation to present actual evidence, beyond his mere speculative allegations and conjuncture." [Docket No. 34-2]. Plaintiff's response to Defendant's motion states only that Defendant "violated all collection of evidence procedures and removed a diamond ring from plaintiff's vehicle, which has never appeared as evidence. The facts are clear that defendant Tell stole plaintiff's personal property." [Docket No. 35, at 4]. This allegation, however, is not evidence.

Although the Court declined to dismiss the stolen ring claim at the pleading stage-- in part due to the relaxed pleading standards applied to *pro se* litigants-- Plaintiff cannot simply reiterate those allegations now to establish a genuine dispute of fact. The Court cannot permit a case to

5

proceed to trial if a party lacks sufficient evidence to prevail at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.") Here, Plaintiff has failed to offer any evidence, other than unsubstantiated allegations, that Defendant stole his diamond ring. Accordingly, the Court now finds that (1) no reasonable trier of fact could return a verdict for Plaintiff at trial, (2) there is no genuine dispute of material fact[1], and (3) Defendant is entitled to judgment as a matter of law.

**IV.   CONCLUSION**

For the reasons stated herein, Defendant's Motion for Summary Judgment [Docket No. 34] is REINSTATED and GRANTED. An appropriate Order accompanies this Opinion.

> s/Renée Marie Bumb
> RENÉE MARIE BUMB
> UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is proceeding in this action *pro se*. As such, the Court finds that Plaintiff may not have understood that he could file an affidavit with his brief opposing summary judgment. If Plaintiff can provide such information, he may file a Motion for Reconsideration and sworn affidavit within the timeframe established by Local Rule 7.1(i). Plaintiff should file this affidavit only if he can do so honestly and accurately. The filing of a dishonest or untrue affidavit is a crime, see 18 U.S.C. § 1621, and there are criminal penalties for perjury. Defendant, in turn, may oppose such motion, including any arguments as to why the Court should not consider a *pro se* affidavit filed after Summary Judgment briefing is complete.