## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

CHAKA KWANZAA,

                    Plaintiff,

      v.

GIRARD TELL, *et al.*,

                    Defendants.

Civil No. 19-16052 (RMB/EAP)

**OPINION**

**APPEARANCES:**

Chaka Kwanzaa
525 N. Dr. Martin Luther King Jr. Blvd.
Atlantic City, New Jersey 08401

       Pro se *Plaintiff*

Thomas B. Reynolds, Esq.
REYNOLDS & HORN, P.C.
116 S. Raleigh Ave.
Atlantic City, New Jersey 08401

       *On behalf of Defendant Officer Girard Tell*

**RENÉE MARIE BUMB, Chief United States District Judge:**

In this case, *pro se* Plaintiff Chaka Kwanzaa ("**Kwanzaa**") asserts constitutional claims pursuant to 42 U.S.C. § 1983 following a police stop in Pleasantville, New Jersey.  Kwanzaa has alleged that Defendant Girard Tell, a Pleasantville police officer ("**Officer Tell**"), racially profiled him and arrested him without probable cause.  He has also alleged that Officer Tell stole a diamond ring from the console of his car and that Officer Tell and another police officer, Defendant Ryan Van Syckle ("**Officer Van Syckle**"), assaulted him.  The Court dismissed all but one of Kwanzaa's claims at the screening stage pursuant to 28 U.S.C. § 1915(e)(2)(B), determining, in principal part, that Kwanzaa's allegations were impermissibly vague and conclusory and that Officer Tell had probable cause for the arrest and search.  At summary judgment, the Court dismissed Kwanzaa's only remaining claim that Defendant Tell stole the diamond ring, finding that no record evidence supported his allegation.  Kwanzaa appealed.

The Third Circuit Court of Appeals affirmed in part, vacated in part, and remanded this action for further proceedings.  The Third Circuit determined that, in dismissing Kwanzaa's claims at the screening stage, this Court inappropriately relied on a police report accompanying Kwanzaa's complaint insofar as the information contained in the report contradicted Kwanzaa's allegations.  It instructed that, on remand, the Court should reconsider the dismissal of Kwanzaa's claims to the extent predicated on the Court's erroneous probable cause determination.  It otherwise

1

affirmed the Court's judgment.  Following the Third Circuit's mandate, this matter proceeded to discovery.

On November 20, 2023, Officer Tell moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.  [Docket No. 76.]  He submits that, as discovery has concluded, the record evidence demonstrates that Officer Tell had probable cause to arrest Kwanzaa and search his vehicle.  Kwanzaa opposes.  Having considered the parties' submissions[1] without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), the Court will issue judgment as a matter of law in Officer Tell's favor.  In Kwanzaa's related criminal proceeding, the Pleasantville Municipal Court concluded that Officer Tell had probable cause to conduct a field inquiry, arrest Kwanzaa, and search his vehicle.  As a result, Kwanzaa is bound by issue preclusion and may not relitigate the question of probable cause here. Putting issue preclusion to the side, the record evidence also amply supports this determination.  As to Kwanzaa's racial profiling claim, the Court concludes that Kwanzaa's allegations are wholly unsubstantiated.  Therefore, for these reasons, as more fully set forth below, the Motion for Summary Judgment will be **GRANTED**. All claims asserted against Officer Tell will be dismissed with prejudice.

---

[1] The parties' submissions are referred to herein as follows: Defs.' Br. Supp. Mot. Summ. J., Docket No. 76-2 ("**Defs.' Br.**"); Def.'s Statement of Undisputed Material Facts, Docket No. 76-1 ("**Defs.' SUMF**"); Pl.'s Opp'n Mot. Summ. J., Docket No. 78 ("**Pl.'s Opp'n**"); Defs.' Reply Br. Supp. Mot. Summ. J., Docket No. 79 ("**Defs.' Reply Br.**").

## I.    FACTUAL BACKGROUND[2]

The facts of this case are straightforward.  In the early morning of January 4,

2019, Officer Tell entered on duty driving a marked patrol cruiser and observed a blue

Lexus parked near Linden and Reading Avenues in Pleasantville, New Jersey.  [Def.'s

SUMF ¶ 1.]  This was around 7:00 a.m.  [*Id.*; Municipal Ct. Op. at 2.]  Officer Tell

noticed the vehicle because, as he testified in the Pleasantville Municipal Court

proceeding, the area was not a common place to park.[3]  [Def.'s SUMF ¶ 1; Municipal

---

[2] The Court only recites those facts necessary to resolve the pending motion.  In doing so, the Court draws from Officer Tell's Statement of Undisputed Material Facts and its referenced exhibits.  The Court observes that Kwanzaa has failed to submit a separately filed responsive statement in accordance with Local Civil Rule 56.1.  [*See generally* Docket; Pl.'s Opp'n; *see also* L. CIV. R. 56.1(a) ("Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law.").]  In his opposition brief, he also has failed to cite any record evidence demonstrating disputes of fact that would preclude summary judgment.  [*See* Pl.'s Opp'n.]  Even though the Court may consider the facts contained in Officer Tell's statement to be undisputed as a result, *see* FED. R. CIV. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion."), the Court has independently reviewed the entire record to determine whether there are any genuine disputes of material fact, *see* FED. R. CIV. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").  In doing so, the Court has considered and recited facts established in the related criminal proceeding against Kwanzaa in Pleasantville Municipal Court.  [See *State v. Kwanzaa*, Case No. S-2019-000009 (N.J. Municipal Ct. Jan. 10, 2020), Def.'s Mot. Summ. J. Ex. 4, Docket No. 76-8 (hereinafter, "**Municipal Ct. Op.**"); see also, for example, *State v. Kwanzaa*, Tr. of Mot. Hr'g (Nov. 6, 2019), Def.'s Mot. Summ. J. Ex. 3, Docket No. 76-5 (hereinafter, "**Tr. Municipal Ct. Mot. Hr'g**").]

[3] He also explained:  "I travel these roads every day, most every day in my patrol shifts, and know that these aren't common parking spots."  [Tr. Municipal Ct. Mot. Hr'g at 19:23–20:3.]  He continued:  "I just thought it was at that time suspicious based on my experience where the vehicle was parked, where it was also parked earlier, and having made numerous arrests in those areas within several hundred feet of that area

Ct. Op. at 2.]  Around 10:00 a.m., he observed the vehicle again, this time on Church Street—another area described as an unusual parking location.  [Def.'s SUMF ¶ 1; Municipal Ct. Op. at 2.]  He recognized the vehicles as one in the same because both were blue Lexuses, and he noted the last three letters of the license plate, "JUJ," which was the same in both cases.  [Municipal Ct. Op. at 2; *see also* Tr. Municipal Ct. Mot. Hr'g at 21:6–23:21.]  He decided to investigate.  [Def.'s SUMF ¶ 1.]

After pulling his police cruiser up behind the blue Lexus, Officer Tell turned on his lights, exited his vehicle on foot, and approached the Lexus on the passenger side. [Def.'s SUMF ¶ 1; Tr. Municipal Ct. Mot. Hr'g at 19:23–20:3.]  The passenger window was partly open, the vehicle's engine was running, and Kwanzaa was seated in the driver's seat.  [Tr. Municipal Ct. Mot. Hr'g at 24:7; Municipal Ct. Op. at 2, 8.]  Officer Tell noticed that the keys were in the ignition.  [Municipal Ct. Op. at 8.]  He also immediately smelled the odor of "burnt marijuana" and observed, in plain sight, a "hand-rolled marijuana cigar" in the center console cup holder.  [Def.'s SUMF ¶ 2; Municipal Ct. Op. at 2.]  He directed Kwanzaa to exit the vehicle.  [Def.'s SUMF ¶¶ 2, 7.]  But Kwanzaa refused.  [Def.'s SUMF ¶¶ 2, 7; *see also* Tr. Municipal Ct. Mot. Hr'g at 31:14, Docket No. 76-6 (Kwanzaa testifying, as he believed, that "I had the right not to get out" of the vehicle).]

Kwanzaa then became combative, yelling at Officer Tell that he had a medical license to use marijuana.  [Def.'s SUMF ¶ 3; *see also* Investigation Report, Mot. Summ.

---

on Church and Noahs that is not normally – people don't just park there."  [*Id.* at 24:23–25:3.]

J. Ex. 2, Docket No. 76-4 (hereinafter, "**Investigation Report**").] He eventually exited his vehicle and continued arguing with Officer Tell. [Def.'s SUMF ¶ 3.] This exchange was captured on video, as Kwanzaa activated his cell phone camera just as Officer Tell approached the passenger window. [Investigation Report at 2–3; *see also* Chaka Kwanzaa, *Racial Profiling Chaka Kwanzaa*, YOUTUBE (Jan. 5, 2019), https://www.youtube.com/watch?v=HbsLheV97-s.] The Court incorporates herein by reference its previous summary of the exchange, [*see* Oct. 28, 2019, Op. at 4–8, Docket No. 6 (hereinafter, "**Screening Op.**")], which has remained unchanged based on the record evidence produced in discovery.

After Kwanzaa failed to comply with Officer Tell's successive orders, Officer Tell placed Kwanzaa under arrest. [Def.'s SUMF ¶ 3.] Kwanzaa continued to resist arrest as Officer Tell placed him in handcuffs. [Def.'s SUMF ¶ 3; *see also* Investigation Report at 2.] Shortly thereafter, Officer Van Syckle arrived in a separate police cruiser, and Officers Tell and Van Syckle can be heard on the video speaking with Kwanzaa. [Def.'s SUMF ¶¶ 3–4; Investigation Report at 2; *see also* Screening Op. at 6–7.] After a few minutes, Officer Tell searched Kwanzaa's vehicle, including the center console. [Def.'s SUMF ¶ 4; *see also* Screening Op. at 7–8.] He retrieved an unlabeled pill bottle containing 19 blue tablets marked "M" "30," which Officer Tell suspected to refer to 30mg tablets of oxycodone hydrocholoride. [Defs.' SUMF ¶ 4; Investigation Report at 2.] He also retrieved a second pill bottle containing multiple "burnt hand-rolled marijuana cigars," "five unburned hand-rolled marijuana cigars," and one State of

New Jersey medical marijuana card issued to Kwanzaa.  [Defs.' SUMF ¶ 4; Investigation Report at 2.]   Officer Tell noted in his report that the "hand-rolled marijuana cigar" that he initially observed in plain sight was located in an ashtray with the burnt end facing the bottom, which appeared to have been extinguished recently. [Investigation Report at 2.]

Following the search, Kwanzaa's vehicle was secured on site.  [Investigation Report at 2.]   Kwanzaa was then taken to the Pleasantville Police Department on charges of obstruction of justice, possession of marijuana under 50g, possession of a controlled dangerous substance (oxycodone hydrocholoride), and possession of a controlled dangerous substance in a motor vehicle.  [Def.'s SUMF ¶ 4; Investigation Report at 2.]   These charges were downgraded and ultimately dismissed.  [Defs.' SUMF ¶ 5.]  As the Pleasantville Municipal Court explained, the marijuana possession charge was dismissed pursuant to decriminalization legislation of which Kwanzaa was a beneficiary, and the remainder of the charges were dismissed on a voluntary basis by the prosecutor for lack of evidence.  [Tr. Municipal Ct. Mot. Hr'g at 3:20–5:9, Mot. Summ. J. Ex. 3, part 3, Docket No. 76-7.]

## II.    PROCEDURAL HISTORY[4]

Kwanzaa filed this action on July 30, 2019.  [Compl. (received), Docket No. 1.] He also sought to proceed *in forma pauperis* (IFP).  [IFP Appl., Docket No. 1-1.]  That application was denied.  [Order, Docket No. 2.]  At that time, the Court also noted

---

[4] The Court only recites the procedural history that it deems helpful to resolve the pending motion for summary judgment.

several pleading deficiencies.  [*See id.*]  On August 26, 2019, Kwanzaa filed his First Amended Complaint and an amended IFP application.  [Docket No. 3.]  The Court granted Kwanzaa permission to proceed IFP but directed the Clerk of the Court not to file his First Amended Complaint after noting additional pleading deficiencies.  [*See* Order, Docket No. 4.]  On August 25, 2019, Kwanzaa filed the operative Second Amended Complaint, asserting claims under 42 U.S.C. § 1983 for violations of the Fourth Amendment and the Equal Protection and Due Process Clauses of the Fourteenth Amendment, among others.  [Second Am. Compl., Docket No. 5.]

On October 28, 2019, the Court screened the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissing all of Kwanzaa's claims for the reasons identified therein except for his assertion that Officer Tell stole a diamond ring from his car as he searched it.[5]  [Screening Op., Docket No. 6; Order, Docket No. 7.]  The latter claim was dismissed upon Officer Tell's Motion for Summary Judgment [Docket No. 34] because Kwanzaa had failed to introduce any evidence to support his allegations.  [Apr. 12, 2021, Op., Docket No. 43.]  Noting that Kwanzaa had not filed an affidavit to support his assertions, but permitting him to do so, [*id.* at 6 n.1], the

---

[5] For the most part, Kwanzaa's claims were dismissed because his allegations were impermissibly vague and conclusory.  He failed to cure these pleading deficiencies after multiple opportunities.  Most notably, his assertion that Officers Tell and Van Syckle assaulted him after he exited his vehicle—which the Court construed as an excessive force claim—did not contain the minimum quantum of information necessary to sustain the claim.  For instance, Kwanzaa failed to allege the actions of each officer, the type of force employed, or how the officers' actions caused his injuries.  [Screening Op. at 15–16.]  The Court thus dismissed Kwanzaa's claim, and it understands the Third Circuit to have affirmed that judgment.  [*See* Third Cir. Op. at 9.]  It has no cause to revisit Kwanzaa's excessive force allegation here.

Court invited Kwanzaa to file a motion for reconsideration, [Order, Docket No. 44]. Rather, he took an appeal.  [Notice of Appeal, Docket No. 46.]

As noted above, the Third Circuit Court of Appeals affirmed in part, vacated in part, and remanded this action for further proceedings.  [Third Cir. Judgment, Docket No. 49.]  The Third Circuit determined that, in dismissing Kwanzaa's claims at the screening stage, this Court inappropriately relied on a police report accompanying Kwanzaa's complaint insofar as the information contained in the report contradicted Kwanzaa's allegations.  [*See* Third Cir. Op. at 7–8, Docket No. 52-2 (explaining that " 'When the truth of facts in an integral document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail.' ") (quoting *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022)).]  It further explained that the Court erroneously concluded that Officer Tell possessed probable cause for his arrest of Kwanzaa and search of his vehicle, even though Kwanzaa had alleged facts to the contrary.  [*Id.* at 8.]  It thus instructed that the Court may reconsider its dismissal of Kwanzaa's claims that (i) Officer Tell improperly searched his vehicle in violation of the Fourth Amendment, (ii) Officers Tell and Van Syckle falsely arrested him pursuant to the police stop, and (iii) Officers Tell and Van Syckle violated the Equal Protection Clause by stopping Kwanzaa and arresting him as a result of racial profiling.  [*Id.* at 8–9.]  The Third Circuit otherwise affirmed this Court's judgment. [*Id.* at 9.]

Following the appellate court's mandate, this matter proceeded to discovery. The parties limited their focus to the foregoing claims.  On November 20, 2023, Officer Tell filed his Motion for Summary Judgment as to all remaining claims asserted

against him.[6]  [Docket No. 76.]  Kwanzaa filed an opposition.  [Docket No. 78.]  As the Motion is fully briefed, it is ripe for adjudication.

## III.   LEGAL STANDARDS

### A.   Summary Judgment.

A court may grant a motion for summary judgment if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  A fact is "material" only if it "might impact the outcome of the suit under the governing law."  *Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 261 (3d Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute is "genuine" if the evidence would allow a reasonable jury to find for the nonmoving party.  *Id.*  The moving party is entitled to summary judgment if it can demonstrate that the nonmoving party cannot meet the essential elements of its case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In deciding whether there is a genuine issue of material fact, the court must view all inferences, doubts, and issues of credibility in favor of the non-moving party.  *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).  The movant has the initial burden of showing through the pleadings,

---

[6] Officer Van Syckle does not appear to have joined Officer Tell's Motion for Summary Judgment, [*see generally* Def.'s Br.], so the Court does not address Kwanzaa's apparent claims against Officer Van Syckle.  Officer Van Syckle may file a letter within fourteen (14) days of the date of this Opinion if the Court has misconstrued his intentions regarding summary judgment or if Officer Van Syckle takes the position that no claims remain asserted against him.

depositions, answers to interrogatories, admissions on file, and any affidavits "that the non-movant has failed to establish one or more essential elements of its case." *Connection Training Servs. v. City of Phila.*, 358 F. App'x 315, 318 (3d Cir. 2009). "If the moving party meets its burden, the burden then shifts to the non-movant to establish that summary judgment is inappropriate." *Id.*

In the face of a properly supported motion for summary judgment, the non-movant's burden is rigorous. The non-movant "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995); *accord Jackson v. Danberg*, 594 F.3d 210, 227 (3d Cir. 2010) (noting that "speculation and conjecture may not defeat a motion for summary judgment") (citing *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 228 (3d Cir. 2009)). Nor will bald assertions in a party's brief. *See Dabone v. Thornburgh*, 734 F. Supp. 195, 199 (E.D. Pa. 1990) ("[A]ssertions in briefs are not competent evidence unless agreed to by the adverse parties.") (citing *Braden v. Univ. of Pittsburgh*, 477 F.2d 1, 6 (3d Cir. 1973)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (quoting *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

**B.** *Pro Se* **Litigants.**

Generally, when a party is proceeding *pro se*, the court has an obligation to construe the *pro se* party's pleadings "liberally." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  For example, this requires the Court to "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." *Holley v. Dep't of Veteran Affs.*, 165 F.3d 244, 248 (3d Cir. 1999).  "However, despite this liberal interpretation, the same standards for summary judgment apply to *pro se* litigants." *Watson v. Phila. Hous. Auth.*, 629 F. Supp. 2d 481, 485 (E.D. Pa. 2009) (citing *United States v. Asken*, 2002 WL 32175416, at *1 n.11 (E.D. Pa. Oct. 28, 2002)).  In other words, the party opposing summary judgment, whether or not *pro se*, "must present evidence, through affidavits, depositions, or admissions on file, to show that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 324).

## IV.   DISCUSSION[7]

Kwanzaa's claims are brought pursuant to 42 U.S.C. § 1983.[8]  There are only two varieties remaining:  (i) Fourth Amendment claims; and (ii) an Equal Protection

---

[7] This Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it has original jurisdiction over Kwanzaa's federal claims under the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

[8] To prevail under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[ ] and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  Here, as noted, those rights refer to the Fourth Amendment right to be free from unreasonable searches and seizures and the Fourteenth Amendment's right to equal protection.  The person acting under color of state law was Officer Tell.

Clause claim.  Accordingly, Officer Tell's Motion for Summary Judgment presents, in essence, two issues.  The first is whether Officer Tell violated the Fourth Amendment by stopping Kwanzaa, arresting him, and searching his vehicle incident to the arrest. This issue requires the Court to determine whether Officer Tell possessed probable cause.  The second issue is whether Officer Tell violated the Equal Protection Clause by racially profiling Kwanzaa.  The Court addresses each of these issues in turn.

### A.    Fourth Amendment Claims.

Officer Tell contends that he is entitled to summary judgment as to Kwanzaa's claims for false arrest and improper search incident to the arrest.  [Def.'s Br. at 5–6.] Officer Tell focuses on the merits, submitting that there are no genuine disputes of fact that would preclude a determination at this stage that Officer Tell possessed probable cause.  [*Id.*]  Specifically, he argues that he had a reasonable belief that Kwanzaa was operating his vehicle while under the influence of marijuana, and that when Kwanzaa refused to comply with his directives, he had a reasonable basis to arrest him for obstruction of justice and to search his vehicle for contraband.  [*Id.* at 6.]

Kwanzaa views the police encounter from an entirely different perspective. While it is difficult to discern with precision what Kwanzaa's argument is, he seems to argue that Officer Tell had no basis to direct him to exit his vehicle and that Officer Tell "fabricated" the obstruction of justice charge.  [*See* Pl.'s Opp'n at 3.]  He thus claims that Officer Tell lacked probable cause to arrest him and search his vehicle.  [*See id.* at 3–4.]

The Fourth Amendment of the United States Constitution protects against "unreasonable searches and seizures." U.S. CONST. amend. IV.[9] Encompassed in this protection is the prohibition that police officers cannot arrest a person except upon probable cause. *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). Accordingly, to prevail on a false arrest claim, a plaintiff must establish that he was arrested without probable cause. *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (citing *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012)). False arrest claims "necessarily fail if probable cause existed for any one of the crimes charged against the arrestee." *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016). " 'Probable cause exists if there is a fair probability that the person committed the crime at issue.' " *Harvard*, 973 F.3d at 199 (quoting *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000)). Probable cause is assessed under a "totality-of-the-circumstances" standard. *Florida v. Bostick*, 501 U.S. 429, 437 (1991); *Dempsey*, 834 F.3d at 467–68.

Specifically, "[t]o determine whether an officer had probable cause for an arrest, 'we examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *District of Columbia v. Wesby*, 583 U.S. 48, 586 (2018) (quoting *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has

---

[9] The Fourth Amendment is incorporated against the states through the Fourteenth Amendment. *See Baker v. McCollan*, 443 U.S. 137, 142 (1979).

been or is being committed by the person to be arrested." *Orsatti*, 71 F.3d at 483 (citing *United States v. Cruz*, 910 F.2d 1072, 1076 (3d Cir. 1990)).

The Fourth Amendment also prohibits unreasonable searches.  U.S. CONST. amend. IV.  Warrantless searches are generally *per se* unreasonable, subject to a few well-delineated exceptions.  *Katz v. United States*, 389 U.S. 347, 357 (1967).  One such exception to the warrant requirement is a search incident to a lawful arrest.  *Arizona v. Gant*, 556 U.S. 332, 339 (2009).  As succinctly articulated in *Gant*, police officers "may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest."  *Id.* at 351.

Here, there is one fundamental problem with Kwanzaa's submission that Officer Tell lacked probable cause for the arrest and search of his vehicle:  the issue of probable cause was already litigated in connection with Kwanzaa's motion to suppress evidence in his related criminal proceeding in Pleasantville Municipal Court.  Under the doctrine of collateral estoppel (also referred to as 'issue preclusion'), a litigant can be prohibited from relitigating an issue that was previously put in controversy and "actually decided," *Peloro v. United States*, 488 F.3d 163, 174 (3d Cir. 2007); *Melikian v. Corradetti*, 791 F.2d 274, 277 (3d Cir. 1986), even if the other litigants were not party to the earlier proceeding, *Szehinskyj v. Att'y Gen.*, 432 F.3d 253, 255 (3d Cir. 2005).

As relevant here, the doctrine can bar a plaintiff from litigating Fourth Amendment claims in federal court where the same issues were decided in a prior state

criminal proceeding. *See James v. Heritage Valley Federal Credit Union*, 197 F. App'x 102, 105–06 (3d Cir. 2006) (precluding Fourth Amendment claims relating to search of plaintiff's mailbox and financial information and seizure of assets because plaintiff had argued in state trial court that evidence should be suppressed and court denied suppression motion), *cert. denied*, 550 U.S. 939 (2007).  This is because federal courts must give the state-court judgment "the same preclusive effect as would be given the judgment by a court of that state." *Id.* at 105 (citation omitted); *see also Pittman v. La Fontaine*, 756 F. Supp. 834, 840 (D.N.J. 1991).  Under New Jersey law, issue preclusion applies when:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 190 N.J. 342, 352, 921 A.2d 417 (2007) (citing *Hennessey v. Winslow Twp.*, 183 N.J. 593, 599, 875 A.2d 240 (2005)); *accord Peloro*, 488 F.3d at 175 (federal court applying Pennsylvania law).  Though Officer Tell has not argued issue preclusion, the doctrine can be raised by a court *sua sponte*.  *See Ciarrocchi v. Kennedy Memorial Hosp.*, 378 F. App'x 239, 241 (3d Cir. 2010).

In Kwanzaa's case, the Pleasantville Municipal Court considered whether Officer Tell had probable cause to arrest him and search his vehicle under the Fourth Amendment of the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution.  [Municipal Ct. Op. at 3.]  The court first determined that Officer

Tell permissibly conducted a field inquiry[10] as to Kwanzaa's vehicle, which was parked, with the engine running, in an unusual location.   [*Id.* at 3–7; *see also* Tr. Municipal Ct. Mot. Hr'g at 19:23–20:3, 24:23–25:3.]  It then determined that the police encounter "quickly went from field inquiry to investigative detention to arrest." [Municipal Ct. Op. at 7.]  Officer Tell smelled marijuana emanating from Kwanzaa's vehicle and observed in plain sight a "hand-rolled marijuana cigar."   [*Id.*]   These facts—combined with the fact that Kwanzaa was seated in the driver's seat, the keys were in the ignition, and the engine was running—provided Officer Tell with a reasonable and particularized suspicion that Kwanzaa was operating a motor vehicle under the influence of cannabis, in violation of N.J. STAT. ANN. § 39:4-50, the court explained.   [*Id.* at 7–8.]   The court thus denied Kwanzaa's motion to suppress, necessarily concluding that probable cause existed for the arrest and search.   [*Id.* at 8.]

Having reviewed the Municipal Court's opinion and hearing transcripts, this Court determines that the elements required for issue preclusion under New Jersey law are satisfied. *See First Union Nat'l Bank*, 190 N.J. at 352, 921 A.2d 417.  The issue of probable cause here is identical to the issue presented to the Pleasantville Municipal

---

[10] There are three types of police encounters, in escalating order of intrusiveness upon a citizen's rights:  (1) field inquiry; (2) investigative detention; and (3) arrest. *State v. Rosario*, 229 N.J. 263, 271, 162 A.3d 249 (2017).  In Kwanzaa's criminal proceeding, the Pleasantville Municipal Court determined that Officer Tell initially approached Kwanzaa's vehicle as part of a field inquiry, or an "essentially [] voluntary encounter between the police and a member of the public in which the police ask questions and do not compel an individual to answer."  *Id.* (citing *State v. Maryland*, 167 N.J. 471, 483, 771 A.2d 1220 (2001)); *see also Florida v. Royer*, 460 U.S. 491, 497–98 (1983).

Court.  There, Kwanzaa was charged with: (i) obstruction of justice in violation of N.J. STAT. ANN. § 2C:29-1a; (ii) possession of a controlled dangerous substance (oxycodone), which was later downgraded to failure to voluntarily deliver the substance in violation of N.J. STAT. ANN. § 2C:35-10(c); (iii) possession of marijuana in violation of N.J. STAT. ANN. § 2C:35-10(a)(4); and (iv) possession of a controlled dangerous substance in a motor vehicle in violation of N.J. STAT. ANN. § 39:4-49.1. [Municipal Ct. Op. at 1.]  Kwanzaa moved for suppression of the evidence on lack-of-probable-cause grounds, and Officer Tell testified.  [*Id.*]  The court determined that probable cause existed, and its determination was on the merits and set forth in a written opinion, [*see generally* Municipal Ct. Op.].  *See Brewer v. Hopple*, 2015 WL 3754548, at *7 (M.D. Pa. June 16, 2015) (explaining that order denying motion to suppress was final judgment on issue subject to preclusion).  As Kwanzaa opposes summary judgment on the same basis as he sought suppression of the evidence in Pleasantville Municipal Court, issue preclusion shall bar Kwanzaa from relitigating whether probable cause existed for his arrest and the search of his vehicle.[11]  *See James*,

---

[11] The Court recognizes that all charges against Kwanzaa were ultimately dismissed. [Defs.' SUMF ¶ 5.] One of the charges was dismissed because the State of New Jersey no longer criminalizes the possession of limited quantities of cannabis. *See* Tr. Municipal Ct. Mot. Hr'g at 3:20–5:9 (explaining basis of voluntary dismissal); *see also* Off. N.J. Att'y Gen., Att'y Gen. L. Enf't Directive No. 2021-1: *Directive Governing Dismissals of Certain Pending Marijuana Charges* (Feb. 22, 2021), https://www.nj.gov/oag/dcj/agguide/directives/ag-Directive-2021-1_%20Dismissal-of-Marijuana-Cases.pdf (directing prosecutors to seek the dismissal of certain pending charges, including possession of marijuana in violation of N.J. STAT. ANN. § 2C:35-10(a)(4) (2021), *amended by* 2021 N.J. Laws, c. 19, § 2, eff. Feb. 22, 2021).  But the question whether Kwanzaa's criminal charges could be sustained is analytically distinct from the question whether Officer Tell possessed probable cause

197 F. App'x at 105–06 (affirming dismissal of Fourth Amendment claims asserted in federal court because state trial court found no Fourth Amendment violations); *see also First Union Nat'l Bank*, 190 N.J. at 352, 921 A.2d 417 ("If an issue between the parties was fairly litigated and determined, it should not be relitigated.").

In any case, the Court also concludes in the alternative that summary judgment is warranted in Officer Tell's favor because there are no genuine disputes of fact concerning probable cause. Though the totality-of-the-circumstances standard for assessing probable cause is "necessarily fact-intensive" and "it [is] usually . . . appropriate for a jury to determine whether probable cause existed," summary judgment may be granted, as always, "if a court concludes that the evidence, viewed most favorably to the nonmoving party, reasonably would not support a contrary factual finding." *Dempsey*, 834 F.3d at 468 (cleaned up) (citation omitted). Officer Tell meets that standard here.

The undisputed facts demonstrate that, after approaching Kwanzaa's vehicle from the passenger side, Officer Tell immediately smelled the odor of "burnt marijuana" and observed, in plain sight, a "hand-rolled marijuana cigar." [Def.'s SUMF ¶ 2; Municipal Ct. Op. at 2; Investigation Report at 2.] The blunt was located

---

at the time of Kwanzaa's arrest, as the Third Circuit specifically observed in this civil action. [*See* Third Cir. Op. at 8 n.3 (noting that "the dismissal of any criminal charges is a question distinct form whether there is probable cause to institute criminal proceedings") (first citing *Dowling v. City of Phila.*, 855 F.2d 126, 141 (3d Cir. 1988); then citing *Allen v. N.J. State Police*, 974 F.3d 497, 504 (3d Cir. 2020)).] This Court thus precludes Kwanzaa from relitigating the Pleasantville Municipal Court's probable cause determination, irrespective of that court's conclusion that all criminal charges against Kwanzaa should be dismissed.

in an after-market ashtray and appeared to have been extinguished recently. [*See* Investigation Report at 2.] The car was parked, but the keys were in the ignition, the engine was running, and Kwanzaa was sat in the driver's seat. [*Id.*] Based on these facts, an officer could have reasonably concluded that Kwanzaa was operating a vehicle under the influence of marijuana in violation of N.J. STAT. ANN. § 39:4-50(a). *See State v. Bealor*, 902 A.2d 226, 236 (N.J. 2006) (explaining that the "smell of burnt marijuana on defendant," among other facts, was relevant to whether defendant was guilty of operating a motor vehicle "under the influence" of marijuana); *State v. Barber*, 2024 WL 826246, at *6 (N.J. Super. Ct. App. Div. Feb. 28, 2024) (recognizing that police officers had probable cause to search vehicle given marijuana odor that was partially masked by air fresheners and appearance of substance on the car floor); *see also* Municipal Ct. Op. at 7–8 (noting that, despite passage of the Jake Honig Compassionate Use Medical Cannabis Act, N.J. STAT. ANN. § 24-6I-1 (2009), it has remained unlawful to use marijuana and operate a motor vehicle); Off. N.J. Att'y Gen., *Frequently Asked Questions: Marijuana Decriminalization and Legalized Cannabis*, at No. 1 (Rev. May 27, 2022), https://www.nj.gov/oag/marijuana/docs/ FAQs_Updated_5.27.22.pdf (noting same despite legalization of cannabis in February 2021). Accordingly, Officer Tell reasonably directed Kwanzaa to exit the vehicle so he could conduct a further investigation.

But Kwanzaa refused. As the video evidence clearly demonstrates, *see Scott v. Harris*, 550 U.S. 372, 380 (2007) (explaining that a court should not adopt a contrary version of the facts at summary judgment where "blatantly contradicted" by video

evidence), Kwanzaa became combative and argued with Officer Tell that he was entitled to use marijuana because he had a medical license. Kwanzaa repeatedly disregarded Officer Tell's commands. He also failed to appreciate that Officer Tell was investigating whether he was operating a motor vehicle under the influence of marijuana. After a heated exchange in which Kwanzaa and Officer Tell verbally quarreled, Kwanzaa was placed under arrest, partly for obstruction of justice. Under these circumstances, the arrest was reasonable. *See Orsatti*, 71 F.3d at 483 (explaining that "probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested"). An officer in Officer Tell's position could have reasonably concluded that, given the odor of "burnt marijuana" emanating from the vehicle and Kwanzaa's person and the unsecured "hand-rolled marijuana cigar" that appeared to have been recently extinguished, [*see* Investigation Report at 2], Kwanzaa was likely violating N.J. STAT. ANN. § 39:4-50(a). Kwanzaa's resistance and combative behavior also provided reasonable grounds for Officer Tell to arrest Kwanzaa. *See* N.J. STAT. ANN. § 2C:29-1(a) (providing that "[a] person commits an offense if he purposely obstructs, impairs or perverts the administration of law or . . . attempts to prevent a public servant from lawfully performing an official function by means of flight, intimidation, force, violence, or physical interference or obstacle, or by means of any independently unlawful act"). Kwanzaa does not cite any record evidence that would present a jury question. [*See generally* Pl.'s Opp'n.] Therefore, summary judgment is warranted as to

Kwanzaa's claim for false arrest because Officer Tell has demonstrated that there is no genuine factual dispute concerning his probable cause to arrest Kwanzaa. *See Dempsey*, 834 F.3d at 477 (explaining that false arrest claims "necessarily fail if probable cause existed for any one of the crimes charged against the arrestee").

Relatedly, summary judgment is also warranted as to Kwanzaa's claim that Officer Tell searched his vehicle in violation of the Fourth Amendment. Officer Tell smelled marijuana coming from Kwanzaa's vehicle and observed a blunt near the center console. [Def.'s SUMF ¶¶ 2, 7.] These facts were sufficient for Officer Tell to conduct a search at that time. *See United States v. Brown*, 261 F. App'x 371, 374 (3d Cir. 2008) (explaining that the sight and smell of marijuana provided police officers with probable cause to search an arrestee's vehicle, even though New Jersey state courts have articulated a more stringent standard under the New Jersey Constitution); *see also Texas v. Brown*, 460 U.S. 730, 738–39 (1983) (articulating plain view exception).[12] Moreover, as Kwanzaa was lawfully arrested, the search of his vehicle was also permissible under *Arizona v. Gant*, 556 U.S. 332 (2009). Kwanzaa was

---

[12] The Court recognizes that, under New Jersey state law, the odor of marijuana can no longer provide reasonable articulable suspicion, on its own, for an officer to initiate an investigatory stop of a person. *See* N.J. STAT. ANN. § 2C:33-15(2)(b). Putting aside the fact that "evidence obtained in accordance with federal law is admissible in federal court—even though it was obtained by state officers in violation of state law," *United States v. Rickus*, 737 F.2d 360, 363–64 (3d Cir. 1984), here other facts supported Officer Tell's decision to search Kwanzaa's vehicle after he was arrested. As already explained, Officer Tell suspected that Kwanzaa was operating a motor vehicle under the influence of marijuana, and as Kwanzaa had obstructed Officer Tell's investigation and had been lawfully arrested as a result, Officer Tell permissibly initiated a search incident to the arrest.

arrested on suspicion of driving under the influence of marijuana and obstruction of justice.  Pursuant to these charges, Officer Tell reasonably searched the center console, which was within reaching distance of the driver's seat where Kwanzaa sat.  *See id.* at 351 (explaining that police officers "may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest").  He discovered additional marijuana and a bottle of oxycodone, and Kwanzaa was charged accordingly.   [Def.'s SUMF ¶ 4; Investigation Report at 2.]  Based on these circumstances, Kwanzaa's improper search claim must also fail.[13]  *See Brown*, 261 F. App'x at 374; *Gant*, 556 U.S. at 351.

### B.    Racial Profiling Claim.

Officer Tell also seeks summary judgment as to Kwanza's claim that he engaged in a police stop and arrest that was improperly motivated by racial profiling.  [Def.'s Br. at 7.]  Officer Tell argues that there is no record evidence to sustain the claim.  [*Id.*]  Kwanzaa opposes but, again, it is difficult to discern what he is saying.  [*See* Pl.'s Opp'n at 3–4.]  He appears to argue that Officer Tell racially profiled him by making note of his Lexus and license plate number when Officer Tell began his shift at 7:00 a.m. on the day of his arrest.  [*See id.*]

---

[13] Because the Court concludes that Officer Tell had probable cause to arrest Kwanzaa and search his vehicle, it need not address Officer Tell's argument that he is entitled to qualified immunity.  *See Thomas v. Weiss*, 2024 WL 2830662, at *9 n.4 (D.N.J. June 4, 2024) (Bumb, C.J.) (same).

A claim of racial profiling is an assertion that a police officer "discriminatorily selected" the plaintiff for a search in violation of the Equal Protection Clause of the Fourteenth Amendment. *Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2002). To prevail, Kwanzaa must prove that Officer Tell's actions "(1) had a discriminatory effect and (2) were motivated by a discriminatory purpose." *Id.* at 205 (citations omitted).[14] To show that Officer Tell's actions had a discriminatory effect, Kwanzaa requires evidence that he is a member of a protected class and that he was treated differently than "similarly situated individuals"[15] outside of that class. *See Bradley*, 299 F.3d at 206; *see also United States v. Armstrong*, 517 U.S. 456, 469 (1996). To show that Officer Tell's actions were motivated by a discriminatory purpose, there must be some evidence that he targeted Kwanzaa *because of* race. *Hurn v. United States*, 221 F. Supp. 2d 493, 500 (D.N.J. 2002) (first citing *Washington v. Davis*, 426 U.S. 229, 239 (1976); then citing *Pers. Adm'r v. Feeney*, 442 U.S. 256, 279 (1979)).

Kwanzaa has not met either element of proving a racial profiling claim. That is because his claim is "bereft of proof." *Bradley*, 299 F.3d at 205. While no one

---

[14] A racial profiling claim is essentially a claim of selective enforcement. *See, e.g.*, *Mitchell v. Vincente*, 2014 WL 1092760, at *6 (D.N.J. Mar. 18, 2014) (recognizing that the claims are one in the same). To establish selective enforcement, a party must show "(1) that he was treated differently from other similarly situated individuals; and (2) that this selective treatment was based on an unjustifiable standard, such as race, religion, some other arbitrary factor or to prevent the exercise of a fundamental right." *Karns v. Shanahan*, 879 F.3d 504, 520–21 (3d Cir. 2018) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 184 n.5 (3d Cir. 2010)).

[15] "Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant aspects.'" *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).

disputes that Kwanzaa is a member of a protected class as a Black man, Kwanzaa has not introduced any evidence to show that Officer Tell's actions—here, conducting a field inquiry of Kwanzaa's vehicle—had a discriminatory effect. "Discriminatory effect may be proven by naming similarly situated members of an unprotected class who were not selected for the same search or, in some cases, by submitting statistical evidence of bias." *Id.* (citing *Chavez v. Illinois State Police*, 251 F.3d 612, 636 (7th Cir. 2001)). No such evidence is in the record. He "do[es] not even identify other individuals who might be similarly situated." *Karns*, 879 F.3d at 521.

Nor has Kwanzaa pointed to any evidence that Officer Tell targeted him because he is Black. *See Hurn*, 221 F. Supp. 2d at 501 (dismissing equal protection claim based on racial profiling because plaintiff did not show that patdown was because of her race, and evidence suggested it was for legitimate, nondiscriminatory reasons). To the contrary, the record evidence discloses Officer Tell's basis for conducting a minimally intrusive field inquiry: he noticed the same vehicle, at two different times, parked at locations that his experience confirmed were uncommon parking spots. [*See, e.g.*, Tr. Municipal Ct. Mot. Hr'g at 19:23–20:3.] In fact, the uncontroverted record evidence demonstrates that Officer Tell did not see Kwanzaa himself in his vehicle until he approached the passenger side around 10:00 a.m. on January 4, 2019. [Tr. Municipal Ct. Mot. Hr'g at 60:8–61:6 (cross-examination of Officer Tell by Kwanzaa).] Therefore, because Kwanzaa's allegations are wholly unsubstantiated, his racial profiling claim must be dismissed. *See Bradley*, 299 F.3d at 205 (affirming dismissal of racial profiling claim because plaintiff had failed to submit

evidence that she was unfairly singled out for patdown search based on her race); *Karns*, 879 F.3d at 521 (explaining that selective enforcement claim failed because there was no evidence that officers treated similarly situated individuals differently or acted with a discriminatory purpose).

## V.   CONCLUSION

For the reasons expressed above, Officer Tell's Motion for Summary Judgment [Docket No. 76] will be **GRANTED**.  An accompanying Order shall issue separately. *See* Fed. R. Civ. P. 58(a).

<u>**s/Renée Marie Bumb**</u>
RENÉE MARIE BUMB
Chief United States District Judge

DATED:  <u>**June 14, 2024**</u>