## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

CHAKA KWANZAA,

                Plaintiff,

     v.

GIRARD TELL, *et al.*,

                Defendants.

Civil No. 19-16052 (RMB/EAP)

**OPINION**

**APPEARANCES:**

Chaka Kwanzaa
525 N. Dr. Martin Luther King Jr. Blvd.
Atlantic City, New Jersey 08401

     Pro se *Plaintiff*

Thomas B. Reynolds, Esq.
REYNOLDS & HORN, P.C.
116 S. Raleigh Ave. Apt. 9B
Atlantic City, New Jersey 08401

     *On behalf of Defendants Officers Girard Tell and Ryan Van Syckle*

**RENÉE MARIE BUMB, Chief United States District Judge:**

This matter comes before the Court upon the letter filed on behalf of Defendant Ryan Van Syckle [Docket No. 82] in response to this Court's Opinion and Order [Dockets No. 80, 81] dismissing all claims against Defendant Girard Tell and directing Van Syckle to file a letter setting forth his position on whether any claims remain pending against him, as well as Plaintiff Chaka Kwanzaa's letter to the Court regarding

his appeal [Docket No. 86]. Plaintiff has not opposed the positions set forth in Van Syckle's letter.

On October 28, 2019, this Court dismissed with prejudice all of Plaintiff Kwanzaa's claims except his Section 1983 Fourth Amendment claim against Defendant Tell in his individual capacity based on the allegation that Defendant Tell improperly seized Plaintiff's diamond ring. [Screening Order, Docket No. 7.] This included all purported claims against Van Syckle. The Court later granted summary judgment in favor of Defendant Tell on the remaining claim. [Docket No. 44.] Plaintiff appealed the Court's dismissal of his case, and the Third Circuit Court of Appeals affirmed this Court's judgment in part, vacated in part, and remanded the case for further proceedings, instructing this Court to reconsider the dismissal of Plaintiff's claims to the extent their dismissal was predicated on the Court's erroneous probable cause determination. [3d Cir. Op., Docket No. 52-2.]

The case proceeded to discovery. Defendant Tell then moved for summary judgment on the basis that the record evidence established that he had probable cause to arrest Plaintiff and search his vehicle and that no evidence existed to support Plaintiff's racial profiling claim. The Court granted summary judgment and dismissed all claims against Tell with prejudice. [SJ Op., Docket No. 80.] As Van Syckle had not joined in the motion, the Court gave him the opportunity to file a letter setting forth his position as to what claims, if any, remain asserted against him. [*Id.* at 9 n.6.]

In his letter, Van Syckle, through his attorney, requests that the Court dismiss the litigation as to him in its entirety with prejudice as no claims remain asserted

against him.  The Court agrees with his position.  Van Syckle has not participated in this litigation since his dismissal from the case in October 2019.  He did not participate in any of the numerous conferences before the Magistrate Judges in this case nor did he participate in discovery.  Plaintiff did not object to this or attempt to assert any claims against Van Syckle.

Additionally, the Court's prior decisions dismissing all Plaintiff's claims support Van Syckle's position.  First, this Court dismissed Plaintiff's excessive force claim against Van Syckle and was affirmed on appeal.  [*See* SJ Op. at 7 n.5.]  The Third Circuit likewise found that any claim against Van Syckle related to Plaintiff's allegedly stolen ring was properly dismissed.  [3d Cir. Op. at 5.]  Further, even assuming the Third Circuit's decision may be construed as reviving certain other claims against Van Syckle, Plaintiff did not pursue those claims in the litigation that followed.  Even so, for the reasons set forth in this Court's summary judgment opinion issued on June 14, 2024 [Docket No. 80], any Fourth Amendment and Equal Protection Clause claims under 42 U.S.C. § 1983 that could possibly remain against Van Syckle fail and must be dismissed.  As the Court has already found, the undisputed material facts establish probable cause for Plaintiff's arrest and the search of his car, and the record is completely devoid of any evidence to support a racial profiling claim.  This reasoning applies with equal force to claims against Van Syckle as it does to those against Tell.

Accordingly, for the reasons expressed above, the Court dismisses all claims remaining against Ryan Van Syckle, if any, with prejudice.  All claims and all parties' rights and liabilities have been adjudicated in this matter and the entry of a final

judgment and order is appropriate.  The Court will direct the Clerk of the Court to close the file in this matter.  An accompanying Order shall issue separately.  *See* Fed. R. Civ. P. 58(a).

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

DATED:  **October 15, 2024**